UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| MICHAEL R. FLANNERY ) | |
| ) | |
| v ) | NO. 2:05-CV-148 |
| ) | |
| HAMBLEN COUNTY SHERIFF'S ) | |
| DEP'T MEDICAL STAFF ) | |

### MEMORANDUM and ORDER

Michael R. Flannery, a prisoner in the Hamblen County Jail in Morristown, Tennessee, brings this civil rights complaint under 42 U.S.C. § 1983. The plaintiff's application to proceed *in forma pauperis* is **GRANTED.** However, since he is a prisoner, he is **ASSESSED** the full filing fee of two hundred, fifty dollars ($250.00). 28 U.S.C. § 1914(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir.1997).[1]

The Court now screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). *See McGore, supra,* 114 F.3d at 608. Under 28 U.S.C. § 1915(e)(2), at any time the Court determines that a case (or claim) is frivolous or fails to state a claim upon which relief can be granted, it must be dismissed.

In his complaint, the plaintiff states his claim as follows:

> Im not exactly sure which dates I've went to the Dentist but the jail should have it logged down in the books. My Claim is Medical Malpractice and

---

[1] A prisoner who files a federal civil case *in forma pauperis* must be assessed the entire filing fee. Typically, after the fee has been assessed, the custodian of inmate trust accounts at the facility wherein the prisoner is housed is ordered to submit installment payments to the Clerk of Court, until the full amount of the filing fee has been paid. In this case, the plaintiff has submitted a statement signed by the Chief Jailer, stating that the Hamblen County Jail does not keep or maintain prisoner trust accounts. (Doc. 6). While it would be ludicrous to require that payments be made towards the filing fee from a trust fund that does not exist, the assessment, nevertheless, still stands and constitutes an indebtedness on the part of the plaintiff.

denial of proper medical care through follow up  My tooth broke off April 1st and I still haven't been back to the dentist today is May 16, 2005  This is a tooth that the dentist has worked on in the past." Compl. at 3, ¶ IV.

The Court infers that the plaintiff is alleging that the defendant's failure to provide dental care violates his right to be free from cruel and unusual punishment, as guaranteed in the Eighth Amendment to the United States Constitution.

A federal court which is presented with a prisoner's civil action first must determine whether the plaintiff has exhausted his administrative remedies by offering the correctional authorities an opportunity to address his complaints. *See* 42 U.S.C. § 1997e; *Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint. *See Northington v. DeForest*, 215 F.3d. 1327 ((Table, text at 2000 WL 659260 *1 (6th Cir. May 11, 2000) (citing *Brown,* 139 F.3d at F.3d. 1102) and noting the lack of documentation showing prisoner had exhausted his administrative remedies as to "*each* of the claims raised in his complaint")).

Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  In order to satisfy the requirements of § 1997e(a), "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000).  It is the prisoner's burden to demonstrate that he has exhausted such remedies as to all claims arising from his confinement and, in fulfilment of his burden, he should attach to his complaint a copy of the administrative decision showing the administrative disposition

2

of his complaint. *Brown,* 139 F.3d at 1104. A district court must enforce the exhaustion requirement *sua sponte*. *Id.*

However, the plaintiff need not offer his complaints regarding medical malpractice for resolution through the grievance procedure, since exhaustion is not required where a prisoner's allegations do not state a constitutional claim in the first place. *Brown*, 139 F.3d at 1104. This is the situation here. Deliberate indifference to the serious medical needs of prisoners constitutes an unnecessary and wanton infliction of pain and, therefore, a violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Nevertheless, a prisoner whose claims are based on a theory of medical negligence has not stated a recognizable claim under § 1983 because medical negligence is not a constitutional violation. *Id.* at 106. Therefore, the plaintiff's medical malpractice claim is **DISMISSED** for failure to state a claim for relief under § 1983.

As to other claims asserted in this lawsuit, the plaintiff asserts, in paragraph II of his complaint, that the Hamblen County Jail has a grievance procedure and that he "sent Otto Purkey a complete grievance through the mail," but that he has not "heard a thing from him."

The plaintiff has not attached a copy of his grievance. Nor has he specifically described the nature of the grievance. *See Knuckles El*, 215 F.3d at 642. Apart from his conclusory assertions that he mailed a "complete grievance," there is absolutely no evidence to show that the plaintiff has exhausted his administrative remedies by presenting the claims offered in his § 1983 complaint to the jail authorities. *See Williams v. Johnson*, 20 Fed.Appx. 365, *367, 2001 WL 1136022, **1 (6th Cir. Sept. 20, 2001). Moreover, a plaintiff is required to follow established grievance procedures in order to exhaust his administrative remedies, *Williams v. Moore*, 34 Fed.Appx. 475, 2002 WL 927003 (6th Cir.

May 7, 2002) (unpublished decision), and it is questionable whether mailing a grievance to the Sheriff—which is the method used by the plaintiff to "file" his grievance—complies with the Hamblen County Jail's system for filing grievances.

Accordingly, because the plaintiff has the burden of showing he has exhausted his administrative remedies with respect to the claims raised in his § 1983 complaint and because he has failed to carry his burden in this instance, this action will be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE